# United States District Court
## for the Northern District of Oklahoma

---

Case No. 25-cv-239-JDR-JFJ

---

FRANCIS A.L. ENGLEBRIGHT *and* ROSELLA ENGLEBRIGHT, *individually and as co-special administrators of the estate of* FRANCIS A.L. ENGLEBRIGHT, JR.,

*Plaintiffs*,

*versus*

UNITED STATES OF AMERICA,

*Defendant.*

---

## OPINION AND ORDER

---

In November 2022, Cherokee Nation law enforcement arrived at the home of Plaintiffs Francis and Rosella Englebright to arrest their son, Francis Englebright, Jr.[1] The attempted arrest did not go smoothly. Plaintiffs allege that Cherokee Nation officers fired weapons at them, handcuffed Mr. Englebright, moved Mr. and Mrs. Englebright away from the home, rammed a vehicle into the Englebrights' home, deployed teargas, and shot and killed Francis. *See* Dkt. 15 at 3-4.[2] Mr. and Mrs. Englebright filed claims for damages with the Bureau of Indian Affairs on behalf of themselves and their son's estate. *See* Dkt. 20-1, 20-3, 20-4. They later filed this lawsuit. The Government moved to dismiss, arguing that most of Plaintiffs' claims are barred by the

---

[1] Plaintiff Francis Englebright is referred to as "Mr. Englebright" throughout this opinion. Francis Englebright, Jr. is referred to as "Francis."

[2] All citations use CM/ECF pagination.

No. 25-cv-239

FTCA or are not otherwise actionable. *See* Dkt. 20.[3] For the reasons discussed below, the Court grants the Government's motion in part.

I

The Government argues that Plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[4] As a sovereign entity, the United States is generally immune from suits seeking money damages unless Congress unmistakably waives that immunity. *See generally Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024). One unmistakable waiver of that immunity can be found in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, which authorizes federal courts to resolve certain claims for "injury or loss of

---

[3] The Government appears to concede that Plaintiffs' wrongful death claim is not subject to dismissal. *See* Dkt. 20 at 10 (arguing for the dismissal of any state-law claims "other than wrongful death").

[4] In general, motions challenging subject-matter jurisdiction under Rule 12(b)(1) take the form of either a facial attack on the complaint's allegations or a challenge to the facts giving rise to jurisdiction. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Courts addressing a facial attack should accept the allegations in the complaint as true, just as they would when resolving a motion to dismiss under Rule 12(b)(6). *Id.* When addressing a fact-based challenge, however, a reviewing court may not accept the allegations as true. Instead, the court should exercise its discretionary authority to consider affidavits and other evidence to resolve the disputed jurisdictional facts. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). As discussed in more detail below, the Government does not challenge the factual allegations in Plaintiffs' amended complaint, but it has introduced evidence to demonstrate the scope of the notice provided to the BIA. The Court will not presume the factual accuracy of the amended complaint and will consider the evidence presented by the parties for purposes of determining whether the FTCA's requirements are satisfied. *See, e.g., Pena v. Vasquez*, No. 2:24-cv-00960-MIS-GBW, 2025 WL 2806812, at *7 (D.N.M. Oct. 2, 2025) (looking beyond the pleadings to determine whether the FTCA's notice requirement was satisfied); *see also, e.g., Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (recognizing that district courts have "wide discretion" to consider evidentiary materials when resolving a motion challenging jurisdiction under Rule 12(b)(1), and need not convert the motion to a motion for summary judgment unless the "resolution of the jurisdictional question is intertwined with the merits of the case"), *abrogated on other grounds as recognized in Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *2 (10th Cir. Aug. 16, 2021).

No. 25-cv-239

property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).[5]

The FTCA is "the exclusive avenue to bring a tort claim against the United States." *See Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004). Parties who wish to pursue claims against the Government must comply with the FTCA's limitations and conditions, which are strictly observed. *Barnes v. United States*, 776 F.3d 1134, 1140 (10th Cir. 2015). The Government argues that two of those limitations and conditions operate to bar Plaintiffs' claims: First, it contends that Plaintiffs are precluded from pursuing their claims because they failed to comply with the FTCA's exhaustion requirement. Dkt. 20 at 7; *see* 28 U.S.C. 2401(b). Second, the Government argues that some of Plaintiffs' claims fall within the scope of 28 U.S.C. § 2680, which limits the scope of Government's sovereign-immunity waiver. Dkt. 20 at 13-18. The Court will address each argument in turn.

## A

Prior to seeking relief under the FTCA, a plaintiff must present his claim "in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b). That notice must include both "a written statement sufficiently describing the injury to enable the agency to begin its own investigation" and "a sum certain damages claim." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005)). A plaintiff who fails to timely comply with this requirement—or fails to timely initiate his federal lawsuit after presenting his claim to the appropriate agency—is precluded from suing the Government. *Id.*; 28

---

[5] Plaintiffs have alleged and presented evidence that Cherokee Nation law enforcement officers were acting on behalf of the Government and that this action should therefore be treated as a suit against the United States subject to the coverage of the FTCA. *See* Dkt. 23 at 3-5. The Government did not file a reply brief and has not argued otherwise in its motion. *See* Dkt. 20 at 5 (arguing that the FTCA applies in this action).

No. 25-cv-239

U.S.C. § 2401(b) (providing that tort claims are "forever barred" unless they are presented to the proper agency within two years of accrual and a corresponding federal action is initiated within six months of the mailing or denial of the written presentation of that claim).

There is no dispute that Plaintiffs timely provided written claims to the Bureau of Indian Affairs, nor is there any dispute that the action was brought during the period prescribed by the FTCA. Instead, the Government challenges the sufficiency of Plaintiffs' notice, arguing that the notices alerted the BIA only to their wrongful death claim. Dkt. 20 at 7-11; *see id.* at 10 (arguing that any claims on behalf of Francis's estate "other than wrongful death" should be dismissed). The Government contends that Plaintiffs are barred from asserting their claims for negligence, negligent or willful injury to property, trespass, assault and battery, negligence per se, false arrest/imprisonment, and abuse of process because Plaintiffs' notices did not adequately disclose their claims to the BIA.

The FTCA's notice requirement is a pragmatic one, the purpose of which is to provide an agency with "due notice that [it] should investigate the possibility of particular (potentially tortious) conduct." *Trentadue*, 397 F.3d at 852 (citation and quotation marks omitted). Thus, to satisfy the FTCA, a notice must describe "the facts and circumstances underlying a claim," but need not describe "the exact grounds" for liability. *Id.* at 853. A notice describing the facts and circumstances underlying a plaintiff's claim will be construed to encompass any causes of action that may be fairly said to arise out of those facts and circumstances. *Benally v. United States*, 735 F. App'x 480, 485 (10th Cir. 2018).

Plaintiffs' notices provided the BIA with little in the way of details. In her notice, Mrs. Englebright represented she was the victim of "[c]ivil [r]ights violations in [the] attempt to arrest [her] son and taking claimant into custody, causing emotional distress and property damage," and further

4

No. 25-cv-239

alleged that her home was invaded and her home and property was destroyed by gunshots, teargas, "and so forth." Dkt. 20-1 at 1. Mr. Englebright made nearly identical claims, adding only that he suffered injuries to his ears and body and was "handcuffed without cause." Dkt. 20-3 at 1. The notice filed on behalf of Francis Englebright Jr.'s estate alleges that Francis was killed by gunshot wounds inflicted during an attempted arrest that involved the use of excessive force against an unarmed individual. Dkt. 20-4 at 1.

These notices did not alert the BIA to Plaintiffs' abuse-of-process claims that are premised upon the alleged misuse of court proceedings to obtain a warrant under false pretenses. *See* Dkt. 15 at 4, 7 (alleging a warrant was purportedly obtained to investigate a murder when, in reality, the Government's agents were seeking to obtain evidence to justify their decision to invade Plaintiffs' home) ; *see also Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1382 (10th Cir. 1991) ("Under Oklahoma law, an abuse of process claim requires a showing of three elements: (1) issuance of process; (2) an ulterior purpose; and (3) a willful act in the use of process not proper in the regular conduct of the proceeding." (citing *Tulsa Radiology Assocs., Inc. v. Hickman*, 1984 OK CIV APP 11, ¶ 6, 683 P.2d 537, 539)). Plaintiffs' notices do not describe any court proceedings whatsoever, nor do they describe any warrants that were obtained for any purpose, proper or otherwise. Plaintiffs' notices simply failed to alert the BIA that its agents manipulated the legal process for unlawful purposes. Accordingly, their abuse-of-process claims are legally barred. *E.g., Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1110 (D.N.M. 2020) (concluding that the plaintiff's administrative claim was barred because it was not based on the same conduct set forth in his notice, which focused only on assault and battery).

The Court reaches a different result with respect to Plaintiffs' remaining claims. Although Plaintiffs' notices set forth few factual allegations, the allegations they do include were—just barely—sufficient to alert the BIA to the substance of their remaining claims. Plaintiffs were not required to alert

No. 25-cv-239

the Government of the specific legal claims they intended to pursue. *See Barnson v. United States*, 531 F. Supp. 614, 623 (D. Utah 1982) (recognizing that notice is sufficient if it "notifies the agency of the facts of the incident and need not elaborate all possible causes of action or theories of liability"). Instead, they were required only to provide enough information to alert the BIA of the need to investigate potentially tortious conduct and the amount of damages sought. *Trentadue*, 397 F.3d at 852-53. The notices allege that Cherokee Nation law enforcement officers handcuffed Mr. Englebright, took him and his wife into custody, discharged firearms in Plaintiffs' presence, and damaged the Englebright's home with gunshots and teargas, causing Plaintiffs' injuries and Francis's death. Dkts. 20-1; 20-3; 20-4. Based on these factual assertions, the BIA should have been aware of its obligation to investigate potential claims of negligence, injury to property, trespass, assault and battery, wrongful death, and false arrest and imprisonment. Plaintiffs cleared the low bar established by the FTCA, even if they left it wobbling. *Cf. De Baca v. United States*, 399 F. Supp. 3d 1052, 1229 (D.N.M. 2019), *aff'd sub nom., Ohlsen v. United States*, 998 F.3d 1143 (10th Cir. 2021) (holding that the FTCA's exhaustion requirement did not bar the plaintiff's claim when the plaintiff alleged the government "did not attempt to suppress the fire in its very small incipient state" (citation omitted)). They have satisfied the FTCA's exhaustion requirement with respect to all but their abuse-of-process claim.

## B

The Court next considers the Government's contention that Plaintiffs' claims for trespass, false arrest, and false imprisonment[6] are barred by the FTCA's discretionary-function exception. The FTCA provides only a limited waiver of sovereign immunity, and that waiver is subject to certain

---

[6] Because the Court has already determined that Plaintiffs' abuse-of-process claim is jurisdictionally barred, it does not address that claim here. The Court notes, however, that the rationale set forth in this section would apply with equal force to the abuse-of-process claim.

6

carve-outs. One of those carve-outs is set forth in 28 U.S.C. § 2680, which deprives the federal courts of jurisdiction over any claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the [agency or agent], whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception bars a claim only if (1) the conduct challenged is discretionary in nature, and (2) the challenged decision was based on public-policy considerations. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). The Government argues that the Cherokee Nation officers necessarily exercised their discretion when they engaged in the conduct giving rise to the claims of trespass, false arrest, and false imprisonment. Specifically, it contends that the officers engaged in discretionary conduct when they detained Plaintiffs, made investigatory decisions, and effectuated arrests. *See* Dkt. 20 at 15-18.

Plaintiffs provide no response to the Government's contentions regarding the specific claims that, according to the Government, are barred by the discretionary function exception. Instead, Plaintiffs spend their brief explaining that the officers violated the Constitution (and had no discretion to do so) when they decided to kill Francis. *See* Dkt. 23 at 12 (discussing "the decision to kill decedent" when doing so was clearly contrary to the Constitution); *id.* at 14 (arguing that the "killing of decedent" was not an act that the officers had discretion to perform). Plaintiffs do not dispute that the officers engaged in discretionary conduct when they entered the home and arrested Mr. and Mrs. Englebright, nor do they argue that the decisions the officers made when entering the home and detaining Mr. and Mrs. Englebright were not based on policy considerations. They have therefore failed to even address the Government's arguments that the claims of trespass, false arrest, and false imprisonment are subject to the discretionary function exception, let alone satisfy their burden of showing that the officers violated a mandatory statute or regulation that they were required to adhere to. *Cf. Estate of Redd v.*

7

No. 25-cv-239

*United States*, 171 F. Supp. 3d 1229, 1235 (D. Utah 2016) (granting summary judgment where the plaintiffs had not identified a statute or regulation the defendant was required to adhere to). The Court deems Plaintiffs' claims of trespass and Mr. and Mrs. Englebright's claims for false imprisonment and false arrest to be waived as a result of their failure to present any arguments responsive to the Government's contention that those claims fall within the FTCA's discretionary function exception. *E.g., Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) (collecting cases) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."). Those claims are dismissed.[7]

## II

The Court now turns to the Government's contention that Plaintiffs' claims for constitutional violations and their claims for violating the "duty not to cause injury to others" are meritless. The Plaintiffs' claims for constitutional violations are easily disposed of. Plaintiffs themselves appear to acknowledge that they are not bringing separate claims for constitutional violations but are instead arguing that the Constitution provides the standard that the officers were required to abide by. *See* Dkt. 23 at 9-10 (noting that the constitutional allegations "go to Defendant's lack of discretion" and that the constitutional standards are "relevant to this case, even though [they are] not the basis for the claims of redress"). No constitutional claims are alleged here. The Government's motion to dismiss those claims is therefore denied as moot.

With respect to Plaintiffs' purported claim for violation of a duty not to cause injury to others, the Court agrees that this does not appear to be a viable independent cause of action, but an element of a general negligence

---

[7] Plaintiffs adequately argue that the officers lacked discretion to shoot Francis Englebright, Jr., and the Government does not argue otherwise in its brief. To the extent the allegedly wrongful shooting of Francis Englebright, Jr. may give rise to a false arrest claim, that claim may proceed,

No. 25-cv-239

claim. The case law cited by Plaintiffs is not to the contrary. *Cf. McVay v. Rollings Const., Inc.*, 1991 OK 102, ¶ 12, 820 P.2d 1331, 1333 (discussing duty not to cause injury in the context of a negligence claim); *Lawrence v. ClubCorp NV II, LLC*, 2025 OK CIV APP 17, ¶ 12, 573 P.3d 845, 849 (discussing Okla. Stat. tit. 76, § 1 in the context of a negligence action). To the extent Plaintiffs seek to pursue a separate statutory claim arising out of title 76, section one of the Oklahoma Statutes, that claim is dismissed.

## III

For the reasons set forth above, the Court grants the Government's motion to dismiss Plaintiffs' claims for abuse of process and trespass. Plaintiffs' claims for the false imprisonment and false arrest of Mr. and Mrs. Englebright are also dismissed. The Court also grants the Government's motion to dismiss Plaintiffs' claims for violation of the duty not to cause injury to others. The Government's motion to dismiss is denied in all other respects. This case will proceed with respect to Plaintiffs' claims for negligent or willful injury to property, assault and battery, and negligence per se, as well as their claims for the wrongful death and false arrest of Francis Englebright, Jr. This case is set for a status and scheduling conference on April 16, 2026, at 1:30 p.m.

DATED this 1st day of April 2025.

JOHN D. RUSSELL
*United States District Judge*

9